UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SHERRY L. OWEN PLAINTIFF

VERSUS CIVIL ACTION NO. 1:06CV617-LTS-MTP

STATE FARM FIRE AND CASUALTY COMPANY DEFENDANT

**ORDER REGARDING HADDOCK DEPOSITION AND CAT PL DISK**

Before the Court is Plaintiffs' Motion to Resume the Deposition of David Haddock and for other relief [38]. Plaintiffs deposed Haddock, a State Farm employee, on April 11, 2007. During the deposition, Plaintiffs requested a copy of what has been termed the "CAT PL" compact disk. At the deposition, Haddock's attorney indicated that his client would not produce the compact disk as part of the deposition proceedings. Plaintiffs then filed this motion to compel State Farm to produce the CAT PL disk, to resume the deposition of Haddock, and for associated costs and attorney fees.

In *Stevens v. State Farm*, Civil Action No. 1:06cv175 the Court entered an Order on May 1, 2007, wherein the Court held that the Plaintiffs' request for documents, and specifically for the CAT PL disk, was defective. For purposes of uniformity, the order in *Stevens* will be applied equally to this case. The Court permitted Plaintiffs to serve an out-of-time supplemental request for production of documents to request the CAT PL disk. The Court also ordered Defendant to prepare a privilege log and provide the Court with a copy of the disk for *in camera* review.

In the case of *Therrell v. State Farm*, Civil Action No. 1:06cv151, Defendant provided a copy of the disk, copies of the documents on the disk, and filed a memorandum in support of its

assertion of privilege. In conjunction with the production, Defendant argues (1) that the disk constitutes attorney work-product; (2) that the information constitutes privileged attorney-client communications; and (3) that production of the disk would violate the policy of grand jury secrecy. Defendant further argues that Plaintiffs will suffer no prejudice if the disk is not produced because Defendant will produce stand-alone documents that are responsive to Plaintiffs' other discovery requests.

In the privilege log, Defendant identifies all of the documents on the disk as simply "irrelevant." The documents were reviewed by Magistrate Judge Walker in connection with the related matters in which this motion was also filed and he observed that they appeared to be of limited relevance. However, the Court finds that relevancy is not a valid privilege prohibiting the production of these documents. The issue then is whether the entire corpus of disk and documents should be protected from disclosure based on one of the various privileges asserted by Defendant, *i.e.* work product, attorney-client communication, or grand jury secrecy.

**1. Work Product**

It is undisputed that the actual documents on the disk were created in the normal course of business. Defendant asserts that Haddock created a copy of the documents at the direction of State Farm attorneys based on State Farm becoming the target of a criminal investigation. Of some significance as far as the case law cited by Defendant, the documents were not compiled by a State Farm attorney. Rather, State Farm attorneys merely instructed Haddock to copy documents in his possession. Aside from assertions in Defendant's brief and statements by Haddock's attorney at the deposition, there is no evidence demonstrating that these documents were compiled in their present form in preparation for litigation. Unlike the cases cited by

Defendant, there is no indication that discovery of the documents on the CAT PL disk will reveal counsel's selection process or mental impressions. Nor is there any indication that the documents were assembled in a fashion that would reveal counsel's mental impressions about the case. The mere securing of documents or records in anticipation of possible litigation does not remove such materials from discovery upon a proper request. *See In re LTV Securities Litigation*, 89 F.R.D. 595, 612 (N.D. Tex. 1981). In the present case, Defendant has not presented evidence from which to conclude that the documents were anything other than copies of documents prepared in the normal course of business and secured in anticipation of litigation but without any special selection or arrangement by counsel or Haddock that would place it under the rubric of attorney-work product.

**2. Attorney-Client Communications**

None of the documents contained on the disk are attorney-client communications. In fact, Defendant does not identify any specific documents that are attorney-client communications. Rather, Defendant characterizes the entire corpus as a communication transmitted from Haddock to State Farm's attorneys. The Court recognizes that attorney-client communications should be protected from disclosure but finds that Defendant's characterization in this case is a distortion of what is properly meant by attorney-client communications. As stated above, the evidence of record indicates that the documents were merely copies of discoverable documents that were then transmitted to counsel.

**3. Grand Jury Secrecy**

Defendant asserts that the disk was prepared to assist State Farm in responding to a grand jury subpoena. There is nothing to demonstrate that this disk or its contents were part of the

grand jury investigation or were ever placed before a grand jury. Defendant makes the vague assertion that the disk and its contents were prepared to "assist" State Farm in responding to a grand jury investigation. There is no indication that the disk and its contents implicated the grand jury proceeding itself. Without a more direct link between the disk and the grand jury proceedings, the Court will not shield its contents from discovery.

**Conclusion**

The disk and its contents were reviewed and found by Magistrate Judge Walker to be of limited relevance. Nevertheless, Plaintiffs have submitted a formal discovery request for the disk, and there apparently are a few documents that bear some relevance on the allegations in Plaintiffs' complaint. Accordingly, the Court finds that the documents on the disk should be produced. However, Defendant may redact from the documents any personal identifiers of insureds who are not represented by Plaintiffs' counsel. These identifiers include such things as names, addresses, phone numbers, and social security numbers. Thus, the Court grants Plaintiffs' motion to the extent that Defendant is compelled to produce redacted copies of the documents contained on the CAT PL disk. The Court also grants Plaintiffs' request to resume the deposition of David Haddock if, after examination of the documents, Plaintiffs believe that such deposition is necessary. However, the follow-up deposition shall be limited to questions relating to the documents produced from the CAT PL disk. Plaintiffs' request for costs and attorney fees in conjunction with resuming the deposition is denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' Motion is GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED that Defendant shall produce the redacted documents to

Plaintiffs within ten (10) calendar days of the entry of this Order.

SO ORDERED, this the 29th day of May, 2007.

s/ Michael T. Parker
United States Magistrate Judge